UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JULIE DAHLREN, et al.,

        Plaintiffs,

        v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,

        Defendant.

No. CV-08-342-FVS

ORDER DENYING MOTION TO REMAND

**THIS MATTER** comes before the Court without oral argument based upon the plaintiffs' motion to remand. They are represented William C. Maxey and Mark J. Harris. The defendant is represented by Pamela M. Andrews and Sasha S. Philip.

**BACKGROUND**

Julie Dahlren and her husband, Ernest, filed a complaint in Okanogan County Superior Court alleging Mrs. Dahlren was burned by a laptop computer that was manufactured by International Business Machines Corporation ("IBM"). The Dahlrens seek unspecified damages based upon theories of negligence and product liability. IBM removed the action to federal court because the parties are citizens of different states. 28 U.S.C. § 1441(a). The Dahlrens move to remand the action to state court on the ground IBM has failed to establish that the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1447(c),

ORDER DENYING MOTION TO REMAND - 1

1332(a).

**STANDARD**

When a plaintiff files a complaint in state court that does not specify the amount of damages she is seeking, and the defendant removes the case to federal court based upon diversity of citizenship, the defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996). In that regard, the Ninth Circuit has endorsed the following procedure:

> The district court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.

*Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373 (9th Cir.1997) (internal punctuation and citation omitted).

**RULING**

The Dahlrens state they are seeking "approximately" -- and they emphasize the word "approximately" -- $2,644.65 in special damages. However, they refuse to state how much they are seeking in general damages. Instead, they argue it is incumbent upon IBM to prove by a preponderance that special and general damages will exceed $75,000. At this juncture, the Court has at least two options. It could allow IBM to conduct discovery regarding the general damages sought by the Dahlrens and then conduct a "summary-judgment-type" proceeding to

determine whether the amount that the Dahlrens are seeking exceeds $75,000. In the alternative, the Court could consider the injuries alleged by the Dahlrens and make a common-sense assessment with respect to whether a person alleging such injuries will ask a jury to award in excess of $75,000. Of the two approaches, the second will cost less and take less time, so that is the approach the Court will employ.

Mrs. Dahlren is alleging she suffered second and third degree burns on her legs. Presumably, she will testify that she experienced significant pain. As a result, it is more probable than not that she will ask the jury to award in excess of $75,000 in general damages. Thus, it is reasonable to conclude that the amount in controversy exceeds the jurisdictional amount. The Court properly may exercise jurisdiction over the subject matter of the Dahlrens' complaint.

**IT IS HEREBY ORDERED:**

The Dahlrens' motion to remand (**Ct. Rec. 4**) is denied.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___12th___ day of January, 2009.

                                s/ Fred Van Sickle
                                  Fred Van Sickle
                    Senior United States District Judge

ORDER DENYING MOTION TO REMAND - 3